The first case this morning is United States v. Jones. My name is Daniel Hillis. I'm with the Federal Public Defender's Office and I represent James Jones on this appeal. He raises a single issue, and that is a challenge to the supervised release conditions. And the end game here, of course, is to get Mr. Jones a full resentencing, as we made apparent in our briefs. Despite the plea agreement's appeal waiver in this case, this Court's jurisprudence in Adkins allows Mr. Jones to challenge the supervised release conditions, insofar as the challenge is limited to a due process challenge, which we have done here. And the government has not asserted that the appeal waiver in any way precludes us from making our effort here today. So with that said, I'll turn and let the Court's questions. Yeah, I do have a question before you get into Adkins and the appeal waiver. You mentioned the end game here. Are you seeking a full resentencing? I'm not quite sure what the goal is in light of the discrepancy between the oral pronouncement of the supervised release conditions and the written judgment with the supervised release conditions. You're challenging the ones that are listed in the written judgment, but those weren't orally pronounced, and so the oral judgment controls. So I'm not sure that any of these challenged conditions are even in play here. Well, the conditions are at least in play in the sense that they are part of the sentence as it presently stands. Right, because they're in the written judgment, but they weren't orally pronounced at sentencing, so they're just inoperative because of that discrepancy, right? If they'll be vacated as a nullity, then that would potentially put this case in a different posture. But as things stand, the conditions are in effect. We would not ask that they be vacated as a nullity. We would instead allow them or ask that they be considered deemed vague and allow the resentencing to proceed pursuant to Thompson and Kappas, the full remedies that were allowed in those cases. But if the conditions are stricken as a nullity, it would affect the remedy. Yes, but as things stand, they are part of the sentence. We're not asking they be vacated as null. We're asking instead that the conditions be deemed, with respect to the dangerous weapon, an unconstitutionally vague condition and the statute doesn't define what the condition is. Did the government contest the fact, as Judge Sykes pointed out, that they weren't part of the oral sentencing? Well, the government hasn't contested that, Judge Keeney. That would be something that we would contest ordinarily. Well, no, I mean the additional. The government has defended the conditions instead, and I think that the conditions are indefensible. They're unconstitutionally vague. They were not explained as is required by Thompson. None of the conditions were. Well, frankly, I'm a little concerned, and I'll ask the government when they come up, because sometimes most districts have now said, to heck with these standard conditions of supervised release. They didn't say that in this case. I would say most districts have jettisoned the term standard condition and then still impose all of the conditions that were once listed under the standard condition, seems to be what happens in most cases. With all of that being said, I'd turn then to the specific conditions, if there are questions about them, but I believe all the authority that we cited shows that the ban on dangerous weapons is a facially, unconstitutionally vague condition. The requirement that he work regularly, support his family, meet other family obligations, those are matters that were addressed specifically in Thompson and Kappus, as was the report of any change in family, excuse me, in residence or employment. The ban on excessive use of alcohol is something that has been part of this court's jurisprudence since Siegel, and yet it's a practice that's continued in the sentencing. It's not cruel and unusual punishment, you know. Depends on how much you drink, how much you want to drink, I suppose, Your Honor, but I think that it can even trend. It's a total ban, if I recall correctly. It is, it is, and it can interfere with your religious practices, and I recall a concurrence by Your Honor addressing the use of alcohol in relation to one's religious practices. So the ban on alcohol is problematic. The ban on frequenting places where drugs are illegally used is difficult for us to figure out what it is. Places is an extraordinarily broad and vague term, and we have, of course, a pilot program in Illinois about medical marijuana use. Other jurisdictions allow recreational marijuana use. They're trying to put their arms around too much, and that is a central problem here, and I believe that Judge Kaney, you have observed as a practical matter the problem about trying to create conditions too far in advance. And here we have a gentleman who's 60 years old at the time of sentence, has effectively been given a life sentence by the 134 months that was imposed. He's in exceedingly poor health and so forth. These conditions may never come into play, and yet because of the practices of the district court in adopting these conditions so far in advance and not making findings, which is not an issue in this case, but it happens on a regular basis, these are problems that persist. And so perhaps the best result is change in practices by the district court, eliminating some of the conditions that are contested here, imposing only those conditions that are necessary, and yet we haven't seen that happen despite all of the cases on the supervised release issues that have come out of this court in the last two years. With that said, I'll reserve the balance of my time unless there are questions by the panel. Thank you. Thank you. Ms. Bonamici, how about what are we doing here? May it please the Court, good morning. In answer to Judge Sykes' question, it is correct that the district court orally imposed only specific conditions and did not do what courts have been doing in the past, which was imposing standard conditions by just using that phrase, and that the written judgment was inconsistent with the oral pronouncement. However, the defendant did not raise that issue, did not complain about the conditions of supervised release on those grounds, and so that issue was waived. Well, he's challenging only a set of conditions that are found in the written judgment, which conflicts with the oral pronouncement of sentence insofar as what the judge said at sentencing about supervised release conditions, and our doctrine is that where there is such a conflict, the oral pronouncement controls, and so to reach the merits on a constitutional challenge when those conditions are null for a different reason. We agree, Your Honor, and we would say that this is a waiver upon a waiver upon a waiver because in this case it would be improper for the court to go forward here on the proposed due process basis where the appellate waiver really ought to be enforced. There's no reason not to enforce the appellate waiver in this case, and this case is distinguishable from Atkins, and so we agree that there's no basis upon which it would be appropriate for the court to proceed to the constitutional claim. We obviously defended it in the event that you were to reach the claim, but what's the procedural vehicle then for striking the null and void written conditions? Well, in our judgment, the appropriate procedure is for the defendant to move for a modification of those conditions to request that they be stricken. I mean, that's a simple procedure that does not require an appeal and does not require the non-enforcement of an appellate waiver. Did you discuss that with counsel? Did you discuss that with counsel? Your Honor, we have discussed this issue on numerous occasions. Well, my point is we're piecemealing this all over the circuit, and your district has said, we don't want to do these conditions of release the way we've done it in the past like this, and the fact of the matter is this guy is going to be how old when he ultimately gets out, so from a practical matter, why not just? I know there's a waiver, and you don't want to lose the waiver, but aside from the waiver, why not just do what you've done in other cases? Well, and we would have been willing to do that. We have done it in other cases. We have agreed to modification. In this case, however, there's the waiver. So if the procedure of modification were pursued, we would not resist that modification. We haven't done that in other cases. You're aware that there have been cases where modification has actually been granted during the pendency of the appeal, and we have allowed that and defended that, and this Court has dismissed the appeal as moot. There's at least one case like that. And we have argued in every single one of these cases that it's not necessary. Well, I agree that suppose we end up saying that the waiver applies and so we can't consider any of these things. So then he goes back and does it to the district courts and changes it. I mean, this is... We agree, Your Honor. This is not an efficient process at this point in time. It was a useful process at the beginning when there was a problem that really needed correcting, and there have been many steps on many fronts taken in order to correct the problem that had been occurring in the district court. As Your Honors are aware, the district court has modified its form, judgment, and commitment order. Changes have been made to the process by which sentencing are done in all of the districts in the circuit, and there have been many changes made. And the district courts are now working on developing appropriate language where the court has criticized certain conditions in an attempt to conform the statement of the conditions to what the court has required in various of its holdings. But one thing that has not changed is that a waiver of an appeal is enforceable, particularly in a case where, as here, the defendant has never sought to withdraw his plea, has never argued that the waiver was not knowing or was involuntary, has never argued that the terms or the issues that he wishes to raise on appeal are outside the scope of the waiver, and has made this a vague due process argument which this court has never upheld, has never held, not even in Atkins held, specifically that there was a constitutional problem. It's just we need to defend the waiver here. But we say to the court that we would not object to or in any way resist the modification of the terms of supervised release in this case to conform to the oral pronouncement. And we've done it in other cases, and we would do it here, and we will do it here if the court enforces the appellate waiver, well, regardless of what happens in the court. But the proper procedure here, we would argue, is to enforce the appellate waiver and to allow the district court to make the appropriate change to the terms of supervised release as stated in the judgment. How is this different from Atkins? In Atkins, you may or may not recall, it was a combined case where one case was a guilty plea and the other case was a trial by jury. And so there was at least some issue as to whether the guilty plea controlled or the waiver that was contained in the guilty plea controlled everything. The court said that it was not going to enforce the plea under the circumstances of this particular case, which, in addition to being a combined case, also involved First Amendment concerns. The issue that's being raised here does not involve First Amendment concerns of any type and is even farther away from the type of case that the court has expressed particular concern about in terms of supervised release conditions. So in that sense, it does. This is not the type of case that requires going behind the appellate waiver, particularly where, as we've been discussing, there's another method for achieving the exact same result. It's simpler, it does not involve an appeal in it, and an appeal in this case is just not warranted on due process grounds or any other grounds under these circumstances. Just an aside, and I hadn't noticed it before, but the boilerplate language in the AO's judgment in a criminal case has language concerning the nature of the supervised release. Any other dangerous weapon? Pardon me? Any other dangerous weapon? I'm not sure that I understand your question, but they... Well, I didn't know that the AO had... I mean, I know they had some forms, but I didn't know they were putting in substantive matters in the forms such as a part of the condition of supervised release. They did, and they still do, only they've been revised considerably. The original form had a page of standard conditions of supervised release that listed a bunch of conditions, and the courts were routinely imposing all of the standard conditions, which were all the conditions that were on that list. Now the form has a series of conditions, same type of thing. Many of the conditions have been reworded, taking into account this court's pronouncements. But in addition, boxes have been entered next to the list of conditions so that the district court is required to check all the boxes that fit rather than just to say this group and all of them will apply. So it requires a lot more specificity on the part of the court in entering it. How does the administrative office insert itself into the sentencing in that way? It's an interesting question, Your Honor, that I tried to research back in the day when I was doing the first briefs on this issue, but I'm not sure that I can give you a detailed response. I don't think there is an answer. The point is that the... I mean, the district court can accede to it, which apparently they do. That's right. I think that's the main point, is that it's a vehicle that the district court may choose to use. I don't think that the district court is required to use it, but it does simplify the record-keeping process quite a bit. Now in the district court, and I see that time is running short, but now in the district court, a significantly greater effort is made to articulate the various conditions and the reasons for those conditions, as is and was required by statute, which is totally appropriate. So now when you see sentences... Now this case, the sentencing occurred three days before Thompson came out, but when you see oral pronouncements coming to the court in the future, you're going to see a lot more discussion. It's quite different, and it's taking a lot more time. So I think things are starting to improve considerably, but this is a case that does not require this court's intervention, and we would ask that the appellate waiver be upheld. And again, we reassert that we would not object to a modification if that were requested in the district court. Thank you. How much time? You have four minutes. I'll try to do it in less. Judge Sykes, I appreciate your concern about constitutional avoidance as the thrust of it. However, as a general matter in the election of remedies, when there's a harm to an individual, an individual gets to elect what remedy to pursue, and here we didn't ask that the conditions that were not orally imposed be stricken, and we ask instead, as a tactical matter, that the case get remanded for full resentencing, and we would not for that reason move for a modification because it would not benefit my client who is elderly and in bad health and got a sentence that I think is longer than what should have been, 134 months in this particular case, is effectively a sentence that gives him the rest of his life in prison. He'd like to have some part of it that's not in prison. Your challenge sounds in due process, not the First Amendment. It relates to both because, of course, restrictions on association implicate First Amendment rights. Alcohol use that's part of religious services would implicate First Amendment concerns. There are both due process and First Amendment issues at play here. Vagueness is a due process concern. The other concerns are First Amendment concerns. It relates to both, and Adkins, as you alluded to, I don't think can be distinguished from this case. Well, that was First Amendment vagueness. This is due process vagueness, which is a little different. We have both, I think. But I'll leave that for Your Honor to decide. Unless Pam has questions for me, I have nothing further. Thank you, counsel. Thanks to both counsel, the case will be taken under advisement.